UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                            Plaintiff,

            -against-

CATHERINE O'HAGAN WOLFE,

                            Defendant.

21-CV-6949 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Regina Lewis, who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that Defendant Catherine O'Hagan Wolfe, the Clerk of Court for the United States Court of Appeals for the Second Circuit, violated Plaintiff's rights when she issued an order in one of Plaintiff's appellate proceedings. On October 6, 2021, the Court granted Plaintiff's request to proceed in this action *in forma pauperis* (IFP), that is, without prepayment of fees.

For the reasons set forth below, the Court (1) dismisses the complaint and (2) orders Plaintiff to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing future actions IFP in this Court without leave of court.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

This action arises out of Plaintiff's appellate proceeding in the Second Circuit, where she was required to seek leave to appeal because of her history of frivolous and vexatious filings. *See Lewis v. County of Orange, N.Y.*, No. 16-4082 (2d Cir. May 18, 2018) (No. 77).

Plaintiff alleges the following: On July 14, 2021, Defendant "rendered a decision and order," even though Defendant "is not an appellate judge." (ECF 1, at 1.) Plaintiff asserts that the "decision, instructing [Plaintiff] to seek permission prior to filing a notice of appeal and dismissal of [her] appeal[,] is fraud and unethical conduct." (*Id.*) Defendant also

> construed the appellate rules to deny and disparage [Plaintiff] from [her] right to file an appeal in violation of the 11th Amendment. … Apparently, the chief judges are responsible for the clerk, and condone the fraudulent practice of the defendant requiring me and others to seek permission before filing a notice of appeal. This constitutes inter alia judicial misconduct, see [Rule 5.1 Appeal by Leave under 28 U.S.C. § 636(c)(5)] (Abrogated Apr. 24, 1998, eff. Dec. 1, 1998).

(*Id.*)

Publicly available records indicate that on July 14, 2021, in Plaintiff's appellate proceeding in the matter of *Lewis v. Huebner*, No. 21-1710 (2d Cir. Aug. 4, 2021), Defendant issued an order, stating that Plaintiff's appeal would be "dismissed effective August 4, 2021 unless a motion seeking leave of [the Second Circuit] is filed by that date." *Id.*, No. 6. Defendant issued the July 14, 2021 order based on prior decisions "requiring [Plaintiff] to file a motion seeking leave of [the Second Circuit] prior to filing any future appeals." *Id.* (citing *Regina Lewis v. County of Orange, N.Y.*, 16-4017, *Regina Lewis v. City of Newburgh, New York*, 16-4041, *Regina Lewis v. County of Orange, N.Y.*, 16-4082). The sanction requiring Plaintiff to seek leave from the Second Circuit before filing any future appeal in that court was imposed because of her frivolous, vexatious, and "clearly meritless appeals." *Lewis*, No. 16-4082, ECF 77.

Plaintiff now sues Defendant for issuing a court order directing Plaintiff to seek leave to appeal. She seeks injunctive relief and money damages.

## DISCUSSION

### A.     Claims against Defendant

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, as amended, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.*; *see Viola v. Bryant*, No. 17-CV-0853, 2017 WL 2676407, at *3 n.5 (D. Conn. June 21, 2017) (applying Section 1983 amendment to cases involving federal judicial officers).

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted). Courts have held that this quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App'x

3

121 (2d Cir. 2010) (grievance committee counsel); *Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (county clerk). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

Pursuant to Local Rule 45.1 of the Second Circuit's Local Rules of Appellate Procedure ("Local Rule 45.1"): "The clerk signs and enters, electronically or otherwise, all orders on behalf of the court." *Id.*

Plaintiff sues Defendant based on her issuing an order, pursuant to Local Rule 45.1, in Plaintiff's appellate proceeding. This conduct is "judicial in nature and an integral part of the judicial process." *Rodriguez*, 116 F.3d at 66. The Court therefore finds that Defendant is entitled to absolute immunity from this lawsuit.

The Court also finds that Plaintiff's allegation that Defendant does not have the authority to issue orders is frivolous. *See, e.g.*, *United States v. Crawford-Bey*, No. 1:08-CR-0029, 2014 WL 1778415, *12 n.19 (D. Vt. May 5, 2014) (noting that movant's "allegation … [that] the fact that the Second Circuit decision was signed by the clerk of the court [was] 'suspect' [and] that there was 'no finding by [a] judge,' which 'call[ed] for rehearing en banc[,]' … [was] frivolous").

The Court therefore dismisses Plaintiff's complaint against Defendant as frivolous, and under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*,

4

  
645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**B.       Plaintiff's Litigation History**

On July 29, 2015, Plaintiff was barred under 28 U.S.C. § 1915(g) from filing any new civil action IFP while she is a prisoner. *Lewis v. Epstein*, ECF 1:14-CV-9404, 8 (S.D.N.Y. July 29, 2015). After this bar order was issued, Plaintiff filed 12 cases that were dismissed under Section 1915(g).[1] *See Lewis v. Penney*, ECF 1:17-CV-2547, 4 (S.D.N.Y. May 15, 2017); *Lewis v. Law Offices of Mathew Witherow*, ECF 1:16-CV-10065, 3 (S.D.N.Y. Jan. 10, 2017); *Lewis v. Cnty.. of Orange NY*, ECF 1:16-CV-9991, 2 (S.D.N.Y. Jan. 10, 2017); *Lewis v. Cnty. of Orange New York*, ECF 1:16-CV-10050, 2 (S.D.N.Y. Jan. 9, 2017); *Lewis v. United States*, ECF 1:16-CV-10049, 2 (S.D.N.Y. Jan. 4, 2017); *Lewis v. City of Newburgh*, NY, ECF 1:16-CV-8872, 2 (S.D.N.Y. Nov. 18, 2016); *Lewis v. Cnty. of Orange N.Y.*, ECF 1:16-CV-8571, 2 (S.D.N.Y. Nov. 10, 2016); *Lewis v. Sculley*, ECF 1:16-CV-5685, 2 (S.D.N.Y. July 21, 2016); *Lewis v. Dubois*, ECF 1:16-CV-8246, 3 (S.D.N.Y. July 21, 2016); *Lewis v. Sculley*, ECF 1:16-CV-4281, 2 (S.D.N.Y. July 7, 2016); *Lewis v. Legal Aid Soc'y. of Orange Cnty. Inc.*, ECF 1:15-CV-8469, 2 (S.D.N.Y. Nov. 6, 2015); *Lewis v. Ryder Weimer & Frankel*, ECF 1:15-CV-6255, 3 (S.D.N.Y. Sept. 11, 2015).

At a competency hearing held on October 10, 2017, pursuant to Rule 17 of the Federal Rules of Civil Procedure, Plaintiff was found not competent to represent herself. *See Lewis v. Newburgh Hous. Auth.*, ECF 7:11-CV-3194, 153 (S.D.N.Y. Nov. 5, 2018).

---

[1] During this time period, Plaintiff also filed an action that was dismissed as duplicative, *Lewis v. Hous. & Urban Dev.*, ECF 1:15-CV-6261, 2 (S.D.N.Y. Aug. 20, 2015), and a *habeas corpus* petition, challenging her incarceration, that was denied as frivolous, *see Lewis v. Brown*, ECF 1:16-CV-09121, 15 (S.D.N.Y. Jan. 24, 2017) (denying frivolous *habeas corpus* petition attempting to "derail" criminal proceedings).

Plaintiff then filed another 12 cases that were dismissed without prejudice because of that competency finding. *See Lewis v. Soc. Sec. Admin.*, ECF 1:20-CV-09277, 4 (S.D.N.Y. Nov. 12, 2020); *Lewis v. Smith*, ECF 1:20-cv-07971, 4 (S.D.N.Y. Oct. 15, 2020); *Lewis v. Vasquez-Doles*, ECF 1:20-CV-7972, 4 (S.D.N.Y. Oct. 8, 2020); *Lewis v. Karas*, ECF 1:20-CV-7532, 6 (S.D.N.Y. Oct. 6, 2020); *Lewis v. Karas*, ECF 1:20-CV-7618, 3 (S.D.N.Y. Sept. 21, 2020); *Lewis v. United States*, ECF 1:19-CV-11504, 2 (S.D.N.Y. Dec. 23, 2019); *Lewis v. Ditomasso*, ECF 1:19-CV-10665, 4 (S.D.N.Y. Dec. 9, 2019); *Lewis v. Bourne & Kenney Redevelopment Co.*, ECF 1:19-CV-9560, 4 (S.D.N.Y. Oct. 30, 2019); *Mothers Against Institutional Negligence Inc. et al v. The State of New York*, ECF 1:19-CV-3966, 6 (S.D.N.Y. May 21, 2019); *Lewis v. United States*, ECF 1:19-CV-0839, 2 (S.D.N.Y. Feb. 1, 2019); *Lewis v. Miller*, ECF 1:18-CV-10324 (S.D.N.Y. Nov. 15, 2018); *Lewis v. Cnty. of Orange*, ECF 1:18-CV-9038, 2 (S.D.N.Y. Oct. 30, 2018).

At a subsequent competency hearing, held on March 18, 2021, Plaintiff was found to be competent. *See Lewis v. Jacobson*, ECF 7:21-CV-7973, 24 (S.D.N.Y., case pending). On the same day, Plaintiff filed a new civil action, which was dismissed both for failure to state a claim and because she named defendants immune from suit. *Lewis v. Hoovler*, ECF 1:21-CV-2438, 4 (S.D.N.Y. Apr. 7, 2021).

**C.    Order to show cause**

In light of this litigation history, the Court orders Plaintiff to show cause why she should not be barred under 28 U.S.C. § 1651[2] from filing in this Court any further civil actions IFP, without leave of court. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction

---

[2] "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this filing injunction upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this filing injunction should not be entered, she will be barred from filing any further civil actions IFP in this court, unless she first obtains permission from the court to do so.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed because it is frivolous and because Plaintiff seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court directs Plaintiff, within 30 days, to show cause by declaration why an order should not be entered barring her from filing any further civil actions IFP in this court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated:    October 14, 2021
           New York, New York

                                  /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                 Signature

_____          _____
Name                               Prison Identification # (if incarcerated)

_____          _____  _____  _____
Address                            City                State     Zip Code

_____          _____
Telephone Number (if available)    E-mail Address (if available)